UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA CANFIELD,

    Plaintiff,                                     Hon. Ellen S. Carmody

v.

                                               Case No. 1:17-cv-309

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation

omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 44 years of age on her alleged disability onset date. (PageID.162, 355). She successfully completed high school and worked previously as a laborer, general clerk, and merchandiser. (PageID.176). Plaintiff applied for benefits on December 31, 2013, alleging that she had been disabled since September 28, 2007, due to coronary heart disease, chronic migraines, asthma, chronic sinusitis, panic/anxiety attacks, ulcers, vertigo, depression, and high cholesterol. (PageID.355-58, 376). Plaintiff later amended her disability onset date to January 24, 2012. (PageID.162). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.257-353).

On May 6, 2015, Plaintiff appeared before ALJ James Prothro with testimony being offered by Plaintiff, Plaintiff's husband, and a vocational expert. (PageID.198-255). In a written decision dated September 11, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.162-78). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.25-31). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on March 31, 2014. (PageID.164). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security

Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that as of the date Plaintiff's insured status expired, Plaintiff suffered from: (1) mild coronary artery disease with coronary spasm and complex tachycardia; (2) lumbago; (3) cervicalgia; (4) sinusitis; (5) migraines; (6) major depression; (7) generalized anxiety disorder; and (8) dysthymia, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.165-67).

With respect to Plaintiff's residual functional capacity, the ALJ determined that as of the date Plaintiff's insured status expired, Plaintiff retained the capacity to perform light work subject to the following limitations: (1) she can occasionally lift/carry 20 pounds and frequently lift/carry 10 pounds; (2) during an 8-hour workday, she can stand/walk for 4 hours and sit for 6 hours; (3) she cannot perform pushing or pulling activities; (4) she can occasionally climb, balance, stoop, kneel, crouch, and crawl; (5) she must avoid concentrated exposure to humidity and extreme heat/cold; (6) she cannot be exposed to noise greater than what would usually occur in a typical office setting; (7) no more than concentrated exposure to excessive vibration; (8) she must avoid all use of hazardous machinery and all exposure to unprotected heights; (9) she is limited to simple,

routine tasks with only occasional public contact; and (10) she cannot perform fast-paced work. (PageID.167-68).

The ALJ found that Plaintiff could not perform any of her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, her limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 6,000 jobs in the Michigan economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.246-49). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). The vocational expert also testified that if Plaintiff were further limited to sedentary work, there existed 4,500 jobs in the state of Michigan which Plaintiff could perform.

(PageID.249-50). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.        **Medical Opinion Evidence**

On February 11, 2015, and May 1, 2015, Dr. Alicia Williams opined that Plaintiff's ability to perform work activities was limited to an extent far greater than the ALJ determined. (PageID.691, 827-30). On March 18, 2015, and April 29, 2015, Dr. Abdul Shaikh likewise reported that Plaintiff's ability to perform work-related activities was far more limited than the ALJ recognized. (PageID.709, 821-24). The ALJ discounted these opinions. (PageID.171-75). Plaintiff argues that she is entitled to relief on the ground that the ALJ failed to give good reasons for discounting the opinions of her treating physicians.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such

7

is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the

ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

First, Dr. Williams and Dr. Shaikh both expressed the conclusory opinion that Plaintiff was unable to work. (PageID.691, 709). Such opinions carry no weight and are accorded no deference as such concern a matter reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1) (the determination of disability is a matter left to the commissioner).

To the extent that Dr. Williams and Dr. Shaikh articulated specific functional limitations from which Plaintiff allegedly suffered, the doctors' opinions were practically identical. The doctors reported that during an 8-hour workday, Plaintiff could sit for 4 hours and stand/walk for less than one hour each. (PageID.821, 827). Both doctors reported that Plaintiff required a sit-stand option and could never lift/carry more than 5 pounds. (PageID.821, 827). As the ALJ correctly concluded, the administrative record does not support the opinion that Plaintiff experienced such extreme limitations prior to the expiration of her insured status.

The results of myocardial perfusion examinations, performed in 2012, 2013, and 2014, were all normal. (PageID.71-74, 492-95, 731-34). Chest x-rays and EKG examinations likewise revealed no abnormalities. (PageID.482-83, 563). Dr. Shaikh repeatedly instructed Plaintiff to exercise more and obtain employment or engage in hobbies, believing that such would improve her circumstance. (PageID.545, 549, 551, 650, 652). X-rays of Plaintiff's lumbar, thoracic, and cervical spine, taken April 2014, revealed "very mild" degenerative changes. (PageID.798-800). The results of physical examinations performed by other physicians were consistent with the ALJ's RFC assessment. (PageID.571-77). Moreover, Plaintiff's reported

activities, as of January 2014, contradicted the opinions of her own doctors. Plaintiff reported that she could lift 25 pounds, performed a variety of household chores, and accompanied her daughter to various appointments and activities. (PageID.394-401). In sum, the ALJ articulated good reasons, supported by the record, for discounting Dr. Williams' and Dr. Shaikh's opinions. Accordingly, this argument is rejected.

**II.      Assessment of the Subjective Testimony**

At the administrative hearing, Plaintiff and her husband both testified that Plaintiff was far more limited than the ALJ determined in his RFC assessment. For example, Plaintiff testified that she experiences daily cardiac episodes that cause her to "get tired and want to sleep." (PageID.223-24). Plaintiff reported that her back pain is so bad that she has to "lay down" throughout the day. (PageID.229). Plaintiff also reported that she experiences difficulty walking. (PageID.229-30). Plaintiff reported that she suffers debilitating anxiety attacks and is afraid to leave her house alone. (PageID.231-34). Plaintiff reported that she sometimes loses her balance and falls out of the shower. (PageID.235). Plaintiff's husband testified that Plaintiff suffers debilitating anxiety attacks and cardiac events on a daily basis. (PageID.240-41). He also testified that sometimes Plaintiff is unable to even walk up the stairs and will instead simply sleep in the downstairs guest room. (PageID.243). The ALJ discounted this testimony on the ground that it was contradicted by the administrative record. Plaintiff argues that the ALJ's decision in this regard is not supported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir.,

10

Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). As the Sixth Circuit has stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

Nevertheless, the ALJ is not permitted to make credibility determinations based upon "an intangible or intuitive notion about an individual's credibility." *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 247 (6th Cir. 2007). Instead, the ALJ's rationale for discrediting a claimant's testimony "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at 248. Accordingly, "blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Id.*

As discussed above, the administrative record reveals that Plaintiff, prior to the expiration of her insured status, was not limited to the extent alleged. Thus, the ALJ properly discounted the testimony of Plaintiff and her husband. Accordingly, this argument is rejected.

**III.      The ALJ Considered the Entire Record**

Plaintiff next argues that the ALJ failed to consider "all the relevant and material evidence." In her brief argument, however, Plaintiff fails to identify any evidence which the ALJ did not take into consideration. Instead, Plaintiff identifies several items in the record which the ALJ expressly considered and argues that the ALJ should have weighed the evidence differently. This is not a proper basis for relief. *See, e.g., Reynolds v. Commissioner of Social Security*, 424 Fed. Appx. 411, 414 (6th Cir., Apr. 1, 2011) (the court "reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in the evidence, decide questions of credibility, or substitute its judgment for that of the ALJ"). Accordingly, this argument is rejected.

**IV.      The Listing of Impairments**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff next argues that she satisfies Sections 1.04 (Disorders of the Spine), 4.04C (Coronary Artery Disease), 12.04 (Affective Disorders), and 12.06 (Anxiety-Related Disorders) of the Listing of Impairments.

Plaintiff bears the burden to demonstrate that she satisfies the requirements of a listed impairment. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14,

13

2002). An impairment satisfies a listing, however, "only when it manifests the specific findings described in all of the medical criteria for that particular impairment." *Lambert v. Commissioner of Social Security*, 2013 WL 5375298 at *8 (W.D. Mich., Sept. 25, 2013) (citing 20 C.F.R. §§ 404.1525(d) and 416.925(d)).

As Defendant correctly observes, Plaintiff has failed to articulate any argument in support of her conclusion that she satisfies the Listings in question. Plaintiff has an affirmative obligation to articulate the basis for her claims of error. She cannot simply assert the conclusion that she satisfies a Listing and leave it to the Court to flesh out and develop the argument in support thereof. *See, e.g., Zizzo v. Commissioner of Social Security*, 2013 WL 5291663 at *8 (E.D. Mich., Sept. 19, 2013) (courts do not engage in a self-directed inquiry into the facts because "judges are not like pigs, hunting for truffles buried in" the record). The Court concludes, therefore, that Plaintiff has waived this particular claim. *See, e.g., Porzillo v. Department of Health and Human Services*, 369 Fed. Appx. 123, 132 (Fed. Cir., Mar. 12, 2010) (claimant "waves any arguments that are not developed"); *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 519, 537 n.25 (10th Cir. 2000) (arguments "superficially" developed are waived); *Financial Resources Network, Inc. v. Brown & Brown, Inc.*, 2010 WL 4806902 at *30 n.29 (D. Mass., Nov. 18, 2010) (same).

14

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Dated: September 11, 2018                    /s/ Ellen S. Carmody
                                             ELLEN S. CARMODY
                                             U.S. Magistrate Judge